UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICIA ANN CADET,

                              Plaintiff,

                                                              DECISION AND ORDER

                                                                13-CV-6450L

                              v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                              Defendant.
_____


      Plaintiff appeals from a denial of disability insurance benefits and social security income by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

      Plaintiff applied for disability insurance benefits and supplemental security income on June 2, 2010, alleging disability since January 31, 2008. Administrative Transcript ("T") 165-70. Plaintiff indicated that she was disabled due to: asthma, allergies, back pain and muscle spasms. T. 203. Plaintiff's applications were initially denied. T. 89. Plaintiff requested a hearing, which was held November 22, 2011 via videoconference before Administrative Law Judge ("ALJ") Gerardo Pico. T. 32-83. Plaintiff was represented by counsel throughout the proceedings. *Id.* On November 30, 2011, the ALJ issued a decision finding that Plaintiff was not disabled. T. 15-28. This decision became the final decision of the Commissioner when the

Appeals Council denied Plaintiff's request for review on June 26, 2013. T. 1-4. Plaintiff now appeals.

Plaintiff has moved (Dkt. #10), and the Commissioner has cross moved (Dkt. #12), for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons below, Plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

### I.    Standard of Review

To determine whether a claimant is disabled according to the Social Security Act, the ALJ must proceed through the five-step sequential evaluation, set forth at 20 C.F.R. § 404.1520. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). First, the ALJ must determine whether the claimant is engaged in substantial gainful activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ continues to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" and meets the duration requirement. 20 C.F.R. § 404.1520(c). If not, the analysis ends and the claimant is found to be "not disabled." If so, the ALJ proceeds to step three and examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4. *See* 20 C.F.R. § 404.1520(d). If the claimant's impairment meets the criteria of a listing and meets the durational requirement, the claimant is disabled. *See id*; 20 C.F.R. § 404.1509. If not, the analysis proceeds to step four, during which the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the

claimant's impairments. *See* 20 C.F.R. § 404.1520(e). Then, the ALJ determines whether the claimant's RFC permits her to perform the requirements of her past relevant work. *See* 20 C.F.R. § 404.1520(f). If so, the claimant is not disabled. If not, the analysis proceeds to the fifth step. During this final step, the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986)); *see* 20 C.F.R. § 404.1560(c).

The Commissioner's decision must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machiado v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002); *Rivera v. Sullivan*, 923 F.3d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "more than a mere scintilla" and is evidence which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir. 1997). Still, "it is not the function of a reviewing court to decide de novo whether a claimant is disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational

probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

The same level of deference does not extend to the Commissioner's conclusions of law. *See Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984). This Court will independently determine if the Commissioner's decision applied the correct legal standards in determining that the plaintiff was not disabled. "Failure to apply the correct standards is grounds for reversal." *Townley*, 748 F.2d at 112. Therefore, this Court is to first review the legal standards applied, and then, if the standards were correctly applied, consider the substantiality of the evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987); *see also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).

## II. The ALJ's Decision

Initially, plaintiff contends that the ALJ breached his duty to fully develop the record, and therefore made a determination based on incomplete information that adversely affected his ability to properly apply the treating physician rule. I agree.

It is well settled that an ALJ has an affirmative duty to develop the medical record, even for claimants represented by counsel, and to seek out further information where evidentiary gaps exist, or where the evidence is inconsistent or contradictory. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999); *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999). Proceedings for benefits under the Social Security Act are not to be treated as adversarial as is the case with other similar civil or criminal proceedings. I do recognize that "[the ALJ's] affirmative duty to expand the records [does not extend] *ad infinitum*." Walker v. Astrue, 2012 U.S. Dist. LEXIS 138472 at *9

*(W.D.N.Y. 2012)*. It is true that if the record presents "a complete medical history" the ALJ need not seek additional information. *Rosa*, 168 F.3d at 79, n. 5 (citing *Perez v. Chater,* 77 F.3d 41, 48 (2d Cir. 1996). But, this is not the case here. There are some glaring and significant gaps in the record.

The question of whether the record comprises a "complete medical history" of necessity "dovetails with the 'treating physician rule,' which mandates that the opinion of a claimant's treating physician 'regarding the nature and severity of [the claimant's] impairments' be given controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Swanson v. Colvin*, 2013 U.S. Dist. LEXIS 149883 at *16 (W.D.N.Y. 2013) (quoting 20 C.F.R. §404.1527(d)(2)). As courts in this Circuit have previously observed, "it is unreasonable to expect a physician to make, on his own accord, the detailed functional assessment demanded by the Act in support of a patient seeking SSI benefits." *Ubiles v. Astrue*, 2012 U.S. Dist. LEXIS 100826 at *24 (W.D.N.Y. 2012). As such, where a record contains no formal RFC assessments from a treating physician, and does not otherwise contain sufficient evidence (such as well-supported and sufficiently detailed informal RFC assessments or, where a physician refuses to provide such assessments, opinions from other examining and consulting physicians) from which the petitioner's RFC can be assessed, an "obvious gap" exists and the ALJ is obligated to further develop the record. *See Iacobucci v. Commissioner*, 2015 U.S. Dist. LEXIS 84977 at *12-*13 (W.D.N.Y. 2015).

The record in this case contains just 79 pages of medical history between January 30, 2008, and August 9, 2010. T. 242-320. It contains no records from Highland Family Medicine,

5

where plaintiff had treated beginning in January 2007, although plaintiff's counsel had requested the ALJ's assistance in obtaining those records and argued that they, along with opinions from plaintiff's treating physicians, were necessary to complete the record. (T. 82, 235). It contains no RFC assessments by any treating or examining physician, nor is there any evidence that the ALJ requested such assessments from plaintiff's treating physicians, or directed the plaintiff to obtain them. *See generally Echevarria v. Secretary of Health & Human Servs.*, 685 F.2d 751, 756 (2d Cir. 1982). While the fault for the record's incompleteness is shared in part by plaintiff's counsel, who was granted an extension of time to submit additional evidence after the hearing but failed to do so, counsel's failure to complete the record does not relieve the ALJ of his duty to make a good faith attempt to obtain the missing records and reports, and failing that, to order whatever consultative examinations might be appropriate to cover the gap. *See Apolito v. Astrue*, 2012 U.S. Dist. LEXIS 183730 at *13 n.5 (N.D.N.Y. 2012) (fact that counsel knew or should have known that he was empowered to request medical records "does not relieve the ALJ of his independent obligation in this regard").

Because the Court remands the matter for further proceedings, it need not examine plaintiff's remaining arguments concerning the ALJ's credibility findings and the sufficiency of his hypothetical questions to the vocational expert who testified at the hearing.

## CONCLUSION

Plaintiff's motion for judgment on the pleadings (Dkt. #10) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is denied. The matter is remanded for further proceedings consistent with this opinion, including but not limited to the

obtainment of additional medical evidence and opinions sufficient to complete the record and render a new decision.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      August 17, 2015